Michael F. Ram, SBN 104805
Email: mram@rocklawcal.com
Susan S. Brown, State Bar No. 287986
Email: sbrown@rocklawcal.com
RAM, OLSON, CEREGHINO
 & KOPCZYNSKI LLP
101 Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiff and Proposed  Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA TULIPANI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., a corporation, and DOES ONE through, ONE HUNRED, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00513<br><br>**COMPLAINT FOR:**<br><br>**1) VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT (CAL. CIV. CODE § 1790 ET SEQ.)**<br><br>**2) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 ET SEQ.)**<br><br>**3) VIOLATION OF CONSUMERS LEGAL REMEDIES ACT (CAL. CIV. CODE § 1750 ET SEQ.)**<br><br> <u>**CLASS ACTION**</u><br><br>**JURY TRIAL DEMAND** |

Plaintiff Victoria Tulipani, on behalf of herself and all others similarly situated, files this Class Action Complaint against Defendants Samsung Electronics America, Inc. ("Samsung" or "Defendant") and Does 1-100. Plaintiff complains and alleges as follows:

**INTRODUCTION**

1. This lawsuit relates to Samsung televisions purchased by Plaintiff and others similarly situated, for which Samsung has failed to make available necessary replacement parts in violation of California law.

2. Plaintiff purchased a Samsung television which later began to malfunction. A service facility authorized by Samsung inspected Plaintiff's television and found that its main board needed replacement to restore its functionality. The facility contacted Samsung to obtain the part and Samsung responded that the part was not available. Plaintiff personally contacted Samsung multiple times to request the part. Samsung repeatedly informed Plaintiff that the main board she needed was not available. Plaintiff demanded that Samsung repurchase or replace the television because of Samsung's failure to make available the replacement parts required, but Samsung refused. Instead, Samsung offered Plaintiff just a small fraction of the purchase price of the television.

3. Samsung's refusal to provide necessary replacement parts, or to repurchase or replace the television, amounts to a willful violation of California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), and a violation of California Unfair Competition Law and Consumer Legal Remedies Act.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed $5,000,000.00, exclusive of interest and costs, and this is a Class action in which more than two-thirds of the proposed plaintiff Class, on the one hand, and Samsung, on the other, are citizens of different states.

5. Jurisdiction over Samsung is also proper because Samsung has purposely availed itself of the privilege of conducting business in California and because Samsung currently maintains systematic and continuous business contacts within the State and has thousands of customers within California.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in this District.

7. Plaintiff Victoria Tulipani is, and was at all relevant times a resident of Novato in Marin County, California.

8. Defendant Samsung is a corporation with headquarters in Ridgefield Park, New Jersey and doing business in California.

9. DOES 1-100 are affiliates, subsidiaries, and related entities of Samsung, corporate or otherwise, who participated in and are liable for the actions alleged here. Plaintiff will seek to amend this Complaint to allege the true names and capacities of these DOE defendants when they are ascertained. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants. The defendants are jointly and severally liable to Plaintiff.

**CLASS ACTION ALLEGATIONS**

10. Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following Class:

> All California consumers (1) who purchased a Samsung television with a wholesale price to the retailer of one hundred dollars or more and an express warranty; and (2) within seven years of the date of manufacture of the television, notified Samsung or its authorized service and repair facility that the television was in need of repair; and (3) for whom Samsung failed to make available sufficient service literature or functional

1  parts to effect the repair within four years of the filing of this complaint.

2  Excluded from the Class are: (1) any judge presiding over this action and Members of
3  their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and
4  any entity in which the Defendant or its parents have a controlling interest and its current or
5  former employees, officers and directors; and (3) Plaintiff 's counsel and Defendant's counsel;
6  and (6) the legal representatives, successors, and assigns of any such excluded persons.

7  11.  <u>Numerosity:</u> The Plaintiff Class is so numerous that the individual joinder of all
8  Members is impracticable. While the exact number of class members is unknown to Plaintiff at
9  this time, Plaintiff is informed and believes that Samsung sold thousands of televisions with
10 express warranties during the relevant time period for which it has failed to fulfill its duties
11 under the Song-Beverly Act to repair or make available the necessary replacement parts. The
12 proposed Class is ascertainable for from Samsung's records.

13 12.  <u>Common Questions Predominate:</u> Common questions of law and fact exist as to
14 all Members of the Class and predominate over questions that affect only individual Members
15 of the Class. These common questions of law and fact include, without limitation, the
16 following:

17  (1) Whether Defendant had a duty under the Song-Beverly Act to make
18     available sufficient service literature and functional parts;
19  (2) Whether Defendant violated its duty under the Song-Beverly Act;
20  (3) Whether Defendant engaged in unlawful, unfair and fraudulent business
21     practices;
22  (4) Whether Defendant violated the California Consumers Legal Remedies
23     Act;
24  (5) Whether Defendant's actions were willful;
25  (6) Whether, as a result of Defendant's violations, Plaintiff and the proposed
26     Class are entitled to relief.

27

1    13.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Members of the
proposed Class. They sustained damages arising out of Defendant's common course of
conduct in violation of the law as described here.

4    14.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the
Members of the proposed Class. Plaintiff resides in California, purchased Samsung's goods in
California, and is an adequate representative of the putative Class as she has no interests that
are adverse to those of absent class members. Additionally, Plaintiff has retained counsel with
substantial experience in consumer class actions.

9    15.    <u>Superiority</u>: A class action is superior to other available means for the fair and
efficient adjudication of this controversy and will result in a substantial benefit to the proposed
Class, the public and the Court. The likelihood of individual class members prosecuting
separate claims is remote, and individual Members of the Class do not have a significant
interest in individually controlling the prosecution of separate actions. Because the damages
suffered by individual class members is relatively small, the expense and burden of individual
litigation would make it difficult, if not impossible, for individual Members of the class to
redress the wrongs done to them. The cost to the judicial system of the adjudication of many
individualized claims would substantial, whereas the litigation of these claims as a class action
will result in substantial savings. Furthermore, the prosecution of separate actions by individual
class members would create a risk of inconsistent and varying adjudications concerning the
subject of this action, which adjudications could establish incompatible standards of conduct
for defendant under the law alleged herein. Class treatment will permit a large number of
similarly situated persons to prosecute common claims in a single forum simultaneously,
efficiently and without unnecessary duplication of effort and expense that individual actions
would engender. Class treatment will enable the class members to redress the wrongs done to
them and to serve the public interest by ensuring that defendant's conduct be punished and
enjoined from future repetition. Class treatment will thus result in the most fair and efficient

adjudication of this controversy, as well as conferring substantial benefits on the litigants, the public and the Court.

16. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
## Violation of Song-Beverly Consumer Warranty Act
### CAL. CIV. CODE §§ 1792 *et seq*.

17. Plaintiffs incorporate by reference all allegations contained in the preceding paragraphs 1-16.

18. Samsung manufactured televisions for the purposes of their eventual sale to retail buyers. Samsung also appended to the goods express warranties.

19. On or about March 2011, Samsung manufactured a television that Plaintiff would eventually purchase. On or about April 2011, at San Rafael California, a retailer, Best Buy, sold the Samsung television to Plaintiff at retail for roughly two thousand, four hundred ($2,400.00) dollars.

20. In connection with the sale, Plaintiff received Samsung's express warranty, which accompanied the television. Plaintiff examined the sample of the television model used as a demonstrator at the seller's premises. Plaintiff paid for an additional four year warranty at the time of the sale.

21. On or about March 2016, Plaintiff discovered that the television exhibited a failure in utility or performance and failed to conform to the sample in that it began to cycle on and off frequently.

22. Plaintiff informed Samsung of the failure in performance of the television, and Samsung referred her to Precision TV, its local authorized repair facility. Precision TV inspected Plaintiff's television and determined that its failure in performance was caused by the main board, and that the main board needed to be replaced. However, Precision TV was unable to obtain the part from Samsung, and told Plaintiff that the part was no longer available.

23. Plaintiff made numerous attempts to obtain the replacement part from Samsung. Samsung informed Plaintiff that the main board was not available. Samsung willfully violated the provisions of the Song-Beverly Act in that it failed to make available the necessary replacement part.

24. Plaintiff demanded that Samsung fulfill its duty under the Song-Beverly Act to make available replacement parts for the television for seven years from the date of manufacture of her television as required by California Civil Code section 1793.03(b). Samsung refused and failed, and continues to refuse and fail, to provide the necessary replacement part or to return the amount paid by Plaintiff or to replace her television.

25. Samsung's actions constitute a violation of California's Song-Beverly Consumer Warranty Act.

## SECOND CAUSE OF ACTION
### Violation of California's Unfair Competition Law
### Cal. Bus. & Prof. Code §17200 – Unlawful Business Practices

26. Plaintiff incorporates the allegations contained in the preceding paragraphs 1-25.

27. Samsung has violated Cal. Bus. and Prof. Code §17200 et seq. by engaging in unlawful business acts and practices that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200 with respect to the services provided to the California Class.

28. Samsung engaged in unlawful acts and practices in violation of the Song-Beverly Act as alleged above and the Consumers Legal Remedies Act as alleged below.

29. As a direct and proximate result of Samsung's unlawful acts, Plaintiff and the class members were injured and lost money or property, including but not limited to the purchase price they paid to Samsung for their televisions.

30. Defendant has engaged in, and continues to engage in, business practices in violation of the UCL by continuing to make false and misleading representations on its labeling of the Product.

## THIRD CAUSE OF ACTION
### Violation of California's Unfair Competition Law
### Cal. Bus. & Prof. Code §17200 – Unfair Business Practices

31. Plaintiff incorporates the allegations contained in the preceding paragraphs 1-30.

32. Samsung engaged in unfair acts and practices by the acts alleged above. These unfair acts and practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and class members. They were likely to deceive the public. The harm these practices caused to Plaintiff and the class members outweighed their utility, if any.

33. As a direct and proximate result of Samsung's unfair practices and acts, Plaintiff and the class members were injured and lost money or property, including but not limited to the purchase price they paid to Samsung for their televisions.

34. Defendant has engaged in, and continues to engage in, business practices that violate the UCL by continuing to make false and misleading representations on their labeling of the Product.

## FOURTH CAUSE OF ACTION
### Violation of California's Unfair Competition Law
### Cal. Bus. & Prof. Code §17200 – Fraudulent/Deceptive Business Practices

35. Plaintiff incorporates the allegations contained in the preceding paragraphs 1-34.

36. Samsung's conduct alleged above was fraudulent and deceptive. Samsung's omission to disclose that it would not provide repair parts for seven years was likely to deceive Members of the public, including Plaintiff and the class members. Plaintiff and the class members relied on this omission in purchasing their Samsung televisions.

37. As a direct and proximate result of Samsung's deceptive practices and acts, Plaintiff and the class members were injured and lost money or property, including but not limited to the price received by Samsung for their televisions.

38. Defendant has engaged in, and continues to engage in, business practices in violation of the UCL by continuing to make false and misleading representations on its labeling

of the Product.

## FIFTH CAUSE OF ACTION
### Violation of Consumers Legal Remedies Act (Civ. Code § 1750 et seq.)

39. Plaintiff incorporates the allegations contained in the preceding paragraphs 1-38.

40. Plaintiff and Members of the proposed Class were consumers within the meaning of Civil Code § 1761(d).

41. Samsung's conduct violates Civil Code § 1770(a)(5), which prohibits: "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have..."

42. Samsung's conduct violates Civil Code § 1770(a)(7), which prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

43. Samsung's conduct violates Civil Code § 1770(a)(9), which prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

44. Defendant is a "Person" as defined by Cal. Civ. Code § 1761(c).

45. The transaction(s) involved here are "Transaction(s)" as defined by Cal. Civ. Code § 1761(e).

46. Plaintiff and the Members of the Class have standing to pursue this cause of action because they have suffered injury-in-fact and have lost money or property as a result of Defendant's actions as set forth here.

47. Plaintiff and the Members of the Class purchased their Samsung televisions in reliance on Defendant's labeling and marketing and omission to disclose that it would not provide repair parts for seven years as required by law.

48. Defendant has used deceptive representations with respect to the Product in violation of Cal. Civ. Code §1770(a)(4).

49. Defendant knew or should have known that its omissions are material and likely to mislead consumers.

50.     Defendant's practices, acts, and course of conduct in marketing and selling the Product are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment. Plaintiff and the class members would not have purchased the Samsung televisions had they known that Samsung would not provide repair parts.

51.     Plaintiff and the class members have been directly and proximately damaged by Defendant's actions.

52.     On January 10, 2017, Plaintiff's Counsel mailed to Defendant, by certified mail, return receipt requested, the written notice required by Civil Code §1782(a). Should Defendant fail to correct the alleged violations within thirty days, Plaintiff will amend to seek damages under the Consumers Legal Remedies Act.

53.     Defendant has engaged in, and continue to engage in, business practices in violation of the Consumers Legal Remedies Act, Civ. Code §1750, et seq. by continuing to make false and misleading representations on its labeling of the Product.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the proposed Class, and/or others similarly situated, prays for judgment as follows:

1.      For actual damages under the Song-Beverly Consumer Warranty Act, including but not limited to, reimbursement of purchase price;

2.      For a civil penalty of two times the amount of actual damages, pursuant to Civil Code section 1794(c);

3.      For reasonable attorneys' fees and costs, pursuant to Civil Code section 1794(d) and Code of Civil Procedure section 1021.5;

4.      For restitution;

5.      For appropriate injunctive relief; and

6.      For such other and further relief as this Court may deem proper.

# **JURY DEMAND**

Plaintiffs and the Members of the Class hereby demand trial by jury on all eligible claims and issues.

Respectfully submitted,

Dated: February 1, 2017    By:    ***/s/ Michael Ram***
Michael F. Ram, SBN 104805
Email: mram@rocklawcal.com
Susan S. Brown, State Bar No. 287986
Email: sbrown@rocklawcal.com
RAM, OLSON, CEREGHINO
 & KOPCZYNSKI LLP
101 Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiff and Proposed Class*